UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **EDWARD PAUL SEBASTIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-09-S-965-NE |
| ) | |
| **CRETE CARRIER CORP.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on two motions, both filed by defendant, Crete Carrier Corp.: one, a motion to dismiss the *pro se* plaintiff's complaint on the grounds that this court lacks personal jurisdiction over defendant and venue is improper (doc. no. 22); and two, defendant's motion to stay discovery (doc. no. 13). For the reasons stated herein, the motion to dismiss will be granted, and the motion to stay discovery will be denied as moot.[1]

### I. FACTS[2]

Plaintiff, Edward Paul Sebastian, a resident of Alabama, began working as an over-the-road driver for defendant, Crete Carrier Corp., a privately held trucking

---

[1] Because the motion to dismiss for lack of personal jurisdiction is due to be granted, this court will not consider the merits of defendant's arguments that the venue is improper.

[2] As it must on a motion to dismiss for lack of personal jurisdiction, this court has construed all reasonable factual inferences in plaintiff's favor. *See Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

company, in August of 2004.[3]  On May 1, 2006, plaintiff was granted medical leave for major heart surgery.[4]  He returned to work in November of the same year.[5]  In May of 2007, plaintiff gave appropriate notice and resigned his employment.[6] Sometime later, plaintiff reapplied to work for defendant through an online application submitted on defendant's website, but he was not rehired.[7]  This case arises out of defendant's denial of plaintiff's re-application for employment. Plaintiff filed a *pro se* complaint in this court, alleging that defendant's failure to rehire him was in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*[8]

Defendant Crete Carrier is incorporated in Nebraska, and maintains its principal place of business in Lincoln, Nebraska.[9]  Defendant's business operations are based in Nebraska, and decisions related to employment matters, including the decision not to rehire plaintiff, are made there.[10]  Crete Carrier is not registered as a foreign corporation in Alabama and does not own or use any real property in Alabama.[11]  If plaintiff had been rehired by defendant, he would have been dispatched

---

[3] *See* doc. 1.

[4] *See id.*

[5] *See id.*

[6] *See id.*

[7] *See id.*  The parties do not specify the date of re-application.

[8] *See* doc. no. 20 (Amended Complaint).

[9] *See* doc no. 22, Ex. A (Declaration of Raymond A. Coulter), ¶ 2.

[10] *See id.*, ¶ 6.

[11] *See id.*, ¶¶ 3, 5.

out of Nebraska and supervised by a Fleet Manager located in Georgia.[12] Crete Carrier advertises its employment opportunities in brochures, trade journals, postings, and other advertising materials through a national campaign, but does not advertise in local media for personnel in Alabama.[13] None of defendant's methods of advertising specifically target residents of Alabama.[14]

Defendant provides interstate transportation services for various customers in multiple states.[15] In a twelve month period, from August 28, 2008 through September 3, 2009, Crete Carrier hauled loads for six shippers based in Alabama, accounting for only 0.11% of its total loads.[16] All of these loads were hauled under Crete's standard tariff rather than through separately negotiated shipping agreements.[17] The loads that Crete Carrier hauled for its Alabama-based shippers during this time period accounted for 0.1% of Crete Carrier's total transportation revenue.[18] Crete Carrier's records reflect that within that twelve month period, about 1.76% of Crete Carrier's total loads hauled had an origin in the state of Alabama, and approximately 1.71% of

---

[12] *See id.*, ¶ 8.

[13] *See* doc. no. 22, Ex. C (Declaration of Richard Snyder), ¶ 2.

[14] *See id.*

[15] *See* Declaration of Raymond A. Coulter, ¶ 3.

[16] *See* doc. no. 15 (Response to Court's Order), at 1.

[17] *See id.*

[18] *See* doc. no. 26, Ex. A (Supplemental Declaration of Michael Neukrich), ¶ 5.

Crete Carrier's total loads hauled had a destination ending in the state of Alabama.[19] The loads hauled into and out of Alabama accounted for about 3% of Crete Carrier's total transportation revenue.[20]

## II. DISCUSSION

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)). When ruling upon a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in the absence of an evidentiary hearing,

> the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Finally, where the plaintiff's complaint and the defendant's

---

[19] See doc. no. 22, Ex. B (Declaration of Michael Neukirch), ¶ 2.

[20] *See* Supplemental Declaration of Michael Neukrich, ¶ 4.

>affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

*Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted); *see also, e.g.*, *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Alabama's long-arm statute authorizes the exercise of personal jurisdiction to the fullest extent allowed by the United States Constitution; therefore, the traditional two-step personal jurisdiction inquiry of assessing the propriety of jurisdiction under the forum state's long-arm statute, and then determining whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment, collapses into a single step in Alabama. *See, e.g.*, *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (observing that in Alabama, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible"); *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1060 (S.D. Ala. 2007) ("In Alabama, this two-pronged inquiry collapses into a single question because Alabama's long-arm provision permits its courts to exercise personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment."); *see also Ex parte Unitrin, Inc.*, 920 So. 2d 557, 560 (Ala. 2005) ("Jurisdiction is obtained

over out-of-state defendants pursuant to the 'long-arm' rule, Ala. R. Civ. P. 4.2(a)(2)(A)-(I).").

Due process authorizes the exercise of personal jurisdiction over a nonresident defendant when "(1) the nonresident defendant has purposefully established minimum contacts with the forum; [and] (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997) (citation omitted); *see also Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (same).

"Furthermore, it is important to remember that *the conduct at issue is that of the defendants*. No plaintiff can establish jurisdiction over a defendant through his own actions." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000) (emphasis supplied) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Therefore, this court "must determine what these defendants did to purposefully avail themselves of the benefits of doing business in Alabama such that the notions of reasonableness and fairness are not offended by requiring them to defend themselves in an Alabama court." *Id.*

The minimum contacts analysis varies, depending upon whether the type of personal jurisdiction being asserted is "general" or "specific." Indeed, facts supporting "[p]ersonal jurisdiction may be *general*, which arise from the party's

contacts with the forum state that are *unrelated to the claim*, *or specific*, which arise from the party's contacts with the forum state that *are related to the claim*." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002) (emphasis supplied). Here, the parties have raised arguments that implicate both general and specific personal jurisdiction.

**A.     General Jurisdiction**

"General personal jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006); *see also Sloss*, 488 F.3d at 925 n.3 ("general jurisdiction . . . can only be exercised if the defendant has 'continuous and systematic' contacts with the forum"); *Nippon Credit*, 291 F.3d at 747 (similar). "General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated." *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006).

Plaintiff argues that defendant is subject to the jurisdiction of this court under the principles of general jurisdiction. He argues that the defendant has "continuous and systematic" contacts with the forum based solely upon his own observations of the "long and established business relationship" that defendant allegedly maintains

7

with shippers that plaintiff believes to be "steady customers" based in Alabama.[21]

Defendant, however, provides evidence that its contacts with Alabama are far more limited than plaintiff suggests. Although defendant provides interstate transportation services for some customers in Alabama, in a twelve month period, Crete Carrier hauled loads for only six shippers based in Alabama, accounting for 0.11% of its total loads.[22] These loads account for only 0.1% of Crete Carrier's revenue for its transportation business.[23] All of these loads were hauled under Crete's Carrier's standard tariff rather than through separately negotiated shipping agreements.[24] Crete Carrier's records reflect that, within the same twelve months, about 1.76% of Crete Carrier's total loads had an origin in the state of Alabama and 1.71% of its total loads hauled had a destination ending in the state of Alabama.[25] Defendant argues, and the court agrees, that these limited business contacts are insufficient to establish that plaintiff has "continuous and systematic" contacts in Alabama.

Plaintiff argues that Crete Carrier's percentage of loads being carried into and

---

[21] *See* doc. no. 23 (Answer to Defendant's Motion to Dismiss with Supporting Memorandum of Law and Motion to Deny Defendant's Motion), at 1, 3.

[22] *See* doc. no. 15 (Response to Court's Order), at 1.

[23] *See* Supplemental Declaration of Michael Neukrich, ¶ 5.

[24] *See* doc. no. 15 (Response to Court's Order), at 1.

[25] *See* Declaration of Michael Neukrich, ¶ 2.

out of Alabama and its percentage of business conducted with Alabama shippers are irrelevant because there is no case law in the Eleventh Circuit or elsewhere suggesting that courts consider percentages associated with a company's business activities in that forum to determine whether its contacts are "continuous and systematic."[26] Plaintiff's contention is incorrect. In *Associated Transport Line, Inc. v. Products Fitosanitarios Proficol El Carmen*, 197 F.3d 1075, 1074-1175 (11th Cir. 1999), the Eleventh Circuit considered whether the district court below could exercise general jurisdiction over the defendant by analyzing the company's sales data to determine whether it had sufficient contacts in the forum state. In so doing, the Eleventh Circuit compared numerous cases in which courts have considered percentages or other data associated with a company's business activities to decide whether the court had general jurisdiction over the company. *Id.* at 1175. In *Horizon Growth, L.P. v. Rothein-Kass P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005), the Eleventh Circuit held the district court had no general jurisdiction over a defendant, noting that the defendant had not engaged in "a general course business" in the forum state where the defendant had only six clients in the forum state who accounted for less than 5% of its gross revenue.

In further support of his argument that the court has general jurisdiction over

---

[26] *See* doc. no. 23 (Answer to Defendant's Motion to Dismiss with Supporting Memorandum of Law and Motion to Deny Defendant's Motion), at 1.

defendant, plaintiff alleges that Crete Carrier advertises for drivers in trade journals that are disseminated in Alabama and has postings and brochures in truck stops located in Alabama.[27] However, defendant maintains that it does not engage in any advertising activities that are unique to Alabama.[28] Its distribution of brochures, trade journals, postings, and other materials are conducted through a national campaign.[29] This type of national advertising does not support a finding of personal jurisdiction. *See, e.g., Mercantile Capital, LP v. Federal Transtel, Inc.*, 193 F. Supp. 2d 1243, 1251 (N.D. Ala. 2002) (concluding that the court did not have personal jurisdiction over a company that had advertised in trade publications with a national circulation and maintained an informational website that could be accessed by Alabama residents); *King v. McAllister Brothers, Inc.*, 659 F. Supp. 39, 44 (S.D. Ala. 1987) (finding that the court did not have general personal jurisdiction over defendant who had placed advertisements in trade publications that were distributed in Alabama and had solicited plaintiff in Alabama for employment).

Having found that defendant lacks the "continuous and systematic" contacts necessary for this court to exercise general jurisdiction over defendant, the court will next assess whether it can exercise specific jurisdiction over defendant.

---

[27] *See id.* at 4.

[28] *See* Declaration of Richard Snyder, ¶ 2.

[29] *See id.*

**B.     Specific Jurisdiction**

In contrast to general jurisdiction, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *McGow v. McCurry*, 412 F.3d 1207, 1214 n.3 (11th Cir. 2005) (citation omitted). The exercise of personal jurisdiction on a specific jurisdiction theory is proper where a defendant's contacts with the forum state satisfy *all* of the following criteria: (1) they are related or give rise to the plaintiff's cause of action; (2) they involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and (3) the defendant's contacts with the forum are such that the defendant should reasonably anticipate being haled into court there. *See, e.g., Sloss*, 488 F.3d at 925; *McGow*, 412 F.3d at 1214; *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). That said, the court recognizes that a minimum contacts analysis is "immune to solution by checklist," and that such contacts must be viewed both quantitatively and qualitatively. *Sloss*, 488 F.3d at 925.

Here, Crete Carrier's contacts with Alabama do not relate to plaintiff's cause of action. Any employment decisions related to plaintiff's rehire with defendant were made in Nebraska, not Alabama.[30] Crete Carrier's business operations are based in

---

[30] *See* Declaration of Raymond A. Coulter, ¶ 6.

Nebraska, and its employment records are maintain in Nebraska.[31] Crete Carrier does not have a unit based in Alabama.[32] Therefore, even if plaintiff had been rehired, he would have been dispatched out of Nebraska and supervised by a fleet manager in Georgia.[33]

Plaintiff argues that the court has specific jurisdiction over defendant because Crete Carrier advertised employment opportunities on its website and plaintiff submitted an online employment application through that website while residing in Alabama.[34] Although Crete Carrier does not conduct business with customers through its website, it does allow prospective employees to submit an electronic application for employment. Plaintiff argues that defendant's contacts with Alabama through its website gave rise to his claim. This argument, however, is without merit.

A predominately informational website, such as that operated by defendant, lacks jurisdictional significance. *See Modak v. Alaris Companies, LLC*, No. C 08-5118 CW, 2009 WL 1035485, at *5 (N.D. Cal. April 17, 2009) (finding that no personal jurisdiction existed where defendant's website contained general information about employment opportunities and allowed prospective employees to

---

[31] *See id.*, ¶ 7.

[32] *See id.*, ¶ 8.

[33] *See id.*

[34] *See* doc. no. 34 (Plaintiff's Response to Defendant's Motion to Dismiss Amended for Further Information), at 2.

fill out and submit online employment applications). *See also Mink v. AAAA Development LLC*, 190 F.3d 333, 337 (5th Cir. 1999) (holding that "the presence of an electronic mail access, a printable order form, and a toll-free phone number on a website, without more, is insufficient to establish personal jurisdiction" where the defendant does not conduct business over the Internet); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997) (decrying efforts to predicate personal jurisdiction on operation of an essentially informational web page advertisement).

This court agrees with the following observation in *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056 (S.D. Ala. 2007): "To hold otherwise would be to declare that [the] operation of a website . . . automatically subjects a company to general personal jurisdiction in every state of the Union . . . [and that] such a ruling would expand the notion of jurisdiction well beyond applicable constitutional parameters." *Id.* at 1065 n.12 (citing *GTE New Media*, 199 F.3d at 1350 (stating that mere accessibility of websites in forum state constitutes minimum contacts "cannot hold water" because, "under this view, personal jurisdiction in Internet-related cases would almost always be found in any forum in the country")).

The court also notes that plaintiff's employment discrimination claim is unrelated to any legal responsibility defendant may have as a consequence of its shipping contacts in Alabama. Finding no relationship between the defendant's

contacts in Alabama and plaintiff's claim of employment discrimination, the court concludes that it lacks specific jurisdiction over defendant in this case.

### III. CONCLUSION AND ORDER

Consistent with the foregoing, this court lacks personal jurisdiction over defendant. Accordingly, defendant's motion to dismiss is GRANTED, defendant's motion to stay discovery is DENIED as moot, and this action is dismissed without prejudice. Costs are taxed as paid. The clerk is directed to close this file.

DONE this 14th day of December, 2009.

_____
United States District Judge